## THE SAVANNAH, FLORIDA and WESTERN RAILWAY *vs.* BARBER.

1. The first grant of a new trial will not be closely scrutinized to detect errors therein.
2. The case was not fairly presented to the jury, and the grant of a new trial was right.
(a.) Although a declaration may allege certain specifications of negligence by the servants of a railroad company, yet if proof be allowed to go to the jury without any objection, and without any motion to rule it out, showing acts outside of those alleged, *semble* that the plaintiff should not be held strictly to the *allegata* by the charge.
3. In a suit by one who was coupling cars, brought against the company for an injury to his hand, it was error to charge that the plaintiff could not recover, unless it was impossible for him to extricate his hand without injury, when the emergency was upon him. The rule is, that he could not recover if, by ordinary care, he could have avoided the injury.
4. In order for a railroad employé to recover from the company for a physical injury to him, done in the business in which he was engaged, he must be blameless about the business which caused the injury. Negligence or carelessness not contributing to the injury, would not prevent a recovery.
5. While, in order for a railroad employé to recover against the company for an injury occurring in connection with his employment, he must be blameless in connection therewith, and the company negligent, yet when the employé shows either that he was blameless or the company was negligent, a presumption of the other arises, and the *onus* is shifted to the defendant.
6. Where the presiding judge thinks that he has expressed an opinion on the facts in his charge, and grants a new trial, his judgment will not be readily interfered with, unless the evidence demands the verdict, in spite of errors of law.

January 8, 1884.

New Trial. Charge of Court. *Allegata* and *Probata.*
Master and Servant. Railroads. Damages. Negligence.
*Onus Probandi.* Before Judge ADAMS. Chatham Superior Court. December Term, 1882.

Barber brought suit against the Savannah, Florida and
Western Railway Company. His declaration alleged that
he was a car coupler on that road; that a part of his duty
was to "go between the moving cars or boxes attached to
the engine, and stationary cars or boxes to be coupled,
and to safely take up with his left hand the link used in
coupling said cars and boxes, and cause said link to enter
the bumper of the car or box to be attached, and to be fastened with the coupling pin to be used for said purpose;
that said services of your petitioner in so coupling cars
and boxes, in the employ of the aforesaid defendant, were
of such a character, and were necessary to be performed by
your petitioner in the manner aforesaid, and could not be
performed, with any degree of safety by your petitioner,
without the exercise by said engineman of care and diligence in regulating and controlling the speed, in manner
aforesaid, of the said moving cars and engine;" that in
the performance of such duty he gave the usual signal
for the engineer to slacken the speed of the engine and
moving cars, took up the link and held it in position to enter
the bumper of the cars to be annexed, when the engineer, by
putting on steam, reversing his engine, or other unknown
means, suddenly increased the speed of the moving cars,
caught the plaintiff's hand between the bumpers, without
fault on his part, and crushed his fingers.

There were two other counts in the declaration, one of
which alleged that it was the duty of one Fisher, another
employé of the road, to give the proper signals to the engineer, and while plaintiff was between the cars, he suddenly, and without warning, gave a signal to the engineer
which caused the increase of speed and the consequent injury. The third count alleged that both Fisher and plain-

646 SUPREME COURT OF GEORGIA.

The Savannah, Florida and Western Railway vs. Barber.

tiff gave signals to the engineer (Ellis) ; that while plaintiff was between the cars, the engineer suddenly, either with or without a signal from Fisher, increased the speed, etc.

It is unnecessary to set out the evidence in detail. It is only necessary to state that plaintiff testified that the link was in the stationary car, and he was proceeding to insert it into the bumper of the moving car, when the accident occurred.

The jury found for the defendant. Plaintiff moved for a new trial on the following among other grounds :

(1.) Because the court charged as follows : "It is for you to say, on the whole case made by all the proof, whether Barber was without fault, and whether the company was at fault, as alleged in the declaration, and Barber cannot recover in this case, unless you find that he was wholly without fault, and that the company was at fault, as alleged in the declaration. If you find that Barber contributed to the injury by any substantial fault, however slight, you need not pursue your investigation any further; it will then be your duty to render a verdict for the defendant. To entitle Barber to recover, he must have been blameless. If he was not blameless, it will make no difference whether Fisher or Ellis, or both of them, was negligent. It will make no difference whether or not Barber acted under the orders of a superior officer; unless he was blameless, he cannot recover. Plaintiff can only recover upon proof of the acts of negligence and carelessness set out in the declaration, and proof of any other act or acts of negligence, or carelessness of the employés of the defendant, will not authorize a recovery, unless the jury is satisfied from the evidence that the acts of negligence set forth in the declaration have been satisfactorily proved."

(2.) Because the court charged as follows : "If you find that Barber was blameless, you will next look to see whether or not Fisher or Ellis, or both of them was guilty of negligence which caused the injury ; you cannot find for

the plaintiff, unless you find that Barber was blameless, and that the engineer Ellis, either with or without a signal from Fisher, suddenly put on steam, reversed his engine, or by some means unknown to Barber, increased the speed of the engine so as to cause the bumper of the moving car and the bumper of the stationary car to come together with such rapidity as to render it impossible for Barber to extricate his hand."

(3.) Because the court charged as follows: "If the injury was caused entirely by any negligence of the company's employés other than Fisher and Ellis, or by any negligence of Fisher or Ellis, or both of them, not alleged in the declaration, the plaintiff cannot recover."

(4.) Because the court charged as follows: "Examine the declaration and compare it with the evidence, and if you find that the evidence makes a different case from the one set forth in the declaration, the plaintiff cannot recover."

(5.) Because the court charged as follows: "If you find that the plaintiff has alleged that it was his duty to cause the coupling link to enter the car or box to be attached, and the evidence discloses that he did not do this, but on the contrary, caused the link to enter the bumper of the moving train, he cannot recover." [This ground is numbered 8th in the motion.]

(6.) Because the verdict was contrary to law and evidence.

The court granted the new trial, and defendant excepted.

CHISOLM & ERWIN, for plaintiff in error.

R. R. RICHARDS, for defendant.

JACKSON, Chief Justice.

1. The first grant of a new trial is not closely scrutinized to detect errors in the grant. This is the first grant to this plaintiff in error.

2. Even if it were our duty to reverse this well settled rule, and to examine the various errors of law alleged in the motion for a new trial, upon all of which error is assigned here, either by the plaintiff in error or the defendant on a cross-bill of exceptions, or *pendente lite* bill, it seems to us that the case was not fairly presented to the jury, and that the judge was right to try the case again, to correct manifest error. Though the declaration may allege certain specifications of negligence by the servants of the company, yet if proof be allowed to go to the jury, without objection, outside of those alleged, we hardly think that the plaintiff should be held strictly to the allegata, no objection having been made to the admission of the evidence, and no motion to rule it out. The reason is obvious after verdict, because by amendment the declaration could have been amended, so as to cover the omitted allegations. Why should not the same rule obtain after the testimony is all in, the argument closed, and the judge is engaged in charging the jury? 49 *Ga.*, 268; 52 *Ib.*, 15.

3. But as the case is to be tried again, and the declaration may be amended, if necessary, it is unnecessary to rule this point. It is quite certain that the court erred in charging that plaintiff could not recover, unless it was impossible for him to extricate his hand without injury, when the emergency was upon him. The rule is that he could not, if by ordinary care he could have avoided the injury to his hand. Code, §2972.

4. It is quite certain, also, that the court erred in the charge that plaintiff must be blameless, without qualification. The law is, blameless about the business which caused the injury. If neglectful or careless, it must have been contributory to his hurt, to prevent recovery. 63 *Ga.*, 173, since affirmed by a unanimous court.

5. So the court erred in charging to the effect that the burden is on the plaintiff, not only to show himself blameless about the catastrophe, but the defendant negligent. It is true both must appear to the jury; but the moment

the plaintiff proves to the jury either, the legal presumption proves the other, until rebutted, and the defendant must rebut that presumption. See 61 *Ga.*, 151, where this rule was clearly applied *vice versa*, that is, in behalf of the railroad company. It was there held that where the company proved contributory blame on the part of plaintiff, or freedom from negligence itself, then the presumption against it was rebutted, and the *onus* shifted on the plaintiff. It is true the above is not a case of an employé, and the presumption is on the company the moment the killing is shown; but the principle in respect to the shifting of the *onus* is analogous. The case of the *Central Railroad Company vs. Sears* in 59 *Ga.*, 436, is more directly in point, and there the rule is laid down in favor of the company, " that no presumption arose in his (the employés) favor until he proved himself faultless or others to blame for the disaster." When he did either, of course the burden was shifted.

6. The court itself ruled that it gave expression or intimation of an opinion on facts, as charged in the 8th ground. Having so concluded himself, and desirous to avoid the intimation another time, we do not interfere often with a judge who so thinks. While the facts do not require the verdict, so that the grant of the new trial would be erroneous notwithstanding errors of law, we express no opinion on the point of weight of evidence, but leave the issue to the jury and court below.

Judgment affirmed.