WESTERN AND ATLANTIC RAILROAD CO. *v.* BRADFORD.

Even if the evidence was sufficient to warrant a finding that the master furnished to the employee an unsafe and dangerous appliance with which to do the work in which the latter was engaged, it certainly required a finding that he, by the exercise of ordinary diligence, could have discovered the fact that the appliance was not safe ; and this being so, there could not lawfully be a recovery against the master ; and it follows that the court erred in not sustaining the motion for a new trial on the general grounds thereof.

Argued April 5, — Decided April 24, 1901.

Action for damages. Before Judge Fite. Bartow superior court. January 2, 1901.

*Payne & Tye* and *J. M. Neel*, for plaintiff in error.
*John W. Akin* and *C. T. Ladson*, contra.

LEWIS, J. Bradford sued the railroad company for damages on account of personal injuries, and obtained a verdict for $3,500. The defendant's motion for a new trial was overruled, and it excepted.

The plaintiff in his petition alleged in substance that, while he was in the service of the defendant, engaged, with a foreman and other employees, in building a water-tank, and was standing with a co-employee on the top of the structure, about twelve feet above the ground, it became necessary for him, with the assistance of that employee, to pull up certain heavy timbers or sleepers by means of a rope which had a hook at the other end and was placed around the sleeper by employees on the ground below, under the direction of the foreman; and that, while one of the sleepers was being pulled up in this manner, the rope, suddenly and without warning, pulled through or from the hook and became loosened from the timber, causing the plaintiff to lose his balance and be thrown to the stone floor below, in consequence of which he received permanent injuries set forth in the petition. Negligence is alleged on the part of the defendant's servants, in using an unsafe and unsuitable rope, in fastening the rope to the hook in an unsafe manner, and in not safely and properly fastening the rope to the sleeper. The plaintiff also alleged that he was free from fault and could not by the exercise of ordinary care have avoided the consequences of the defendant's negligence. The defendant in its answer denied that the rope or the hook was defective or unsuitable for the work, and contended that the cause of the injury was that a knot, which had been tied at the end of the rope after the end had been passed through the eye of the hook, had, in consequence of use, become worn, and slipped through the eye as the timber was being pulled up; and that the plaintiff, if he exercised ordinary care, must have known of its condition. The evidence does not clearly disclose who was representing the railroad company with reference to furnishing the rope and hook used on the occasion when the plaintiff was injured, but, assuming that it was the foreman, Igo, referred to in the petition, it is clearly shown that the rope and hook came immediately under the observation of Bradford, the plaintiff. He was on top of the tank, and handled the timbers and their fastenings whenever one of the sleepers was hoisted to him. It is hardly possible to conceive how he could have failed to observe the defects in the rope and hook if he was in the exercise of ordinary care. There is some testimony tending to show that the rope used was not of the class ordinarily used for such purposes, but there is no proof that it was not sufficiently strong to do the work to which it

was applied. Indeed it was undisputed that the "bridge gang" of which the plaintiff was a member had been using it all day up to the time of the accident, and had drawn up heavy timbers with it before the accident took place for which the plaintiff sued. The evidence further showed that neither the rope nor the iron hook was broken.

We think that section 2612 of the Civil Code is plainly applicable to the facts of the present case. The doctrine is there laid down that a servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself; and that in suits for injuries arising from the negligence of the master in the selection of servants or the furnishing of machinery, it must appear that the master knew or ought to have known of the incompetency of the other servant, or of the defects or danger in the machinery supplied; and that it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known of such fact. We also call attention to the decision of this court in the case of *Georgia Cotton Oil Co.* v. *Jackson,* 112 *Ga.* 620, and the able opinion of Presiding Justice Lumpkin on pages 621 et seq. The following ruling is there made, which we think is exactly applicable to the present case: "The skill and diligence which the law requires an adult employee to exercise to protect himself from being injured by defective or dangerous machinery must at least come up to the legal standard expressed in the words 'ordinary care.'" According to that decision, the plaintiff in the present case was under a duty to exercise whatever degree of diligence he was capable of exercising, and this degree could in no event fall below the standard of ordinary diligence. Irrespective, therefore, of the various special grounds of the motion for a new trial, we dispose of this case on its merits, and hold that under the evidence as embodied in the record before us there can be no recovery. The verdict was contrary to law and the evidence, and a new trial ought to have been granted on the general grounds.

*Judgment reversed. All the Justices concurring.*