### LEE v. ATLANTIC COAST LINE RAILROAD COMPANY.

Where in a suit for personal injuries it is manifest from the allegations of the plaintiff's petition that he had at least equal opportunities with the master (the defendant) of discovering the defective condition of an appliance from which the injuries complained of resulted, a general demurrer to the petition was properly sustained.

Submitted March 3,—Decided May 24, 1906.

Action for damages. Before Judge Mitchell. Thomas superior court. April 20, 1905.

*Theodore Titus,* for plaintiff.

*Kay, Bennet & Conyers* and *W. C. Snodgrass,* for defendant.

BECK, J. This action for damages on account of personal injuries was dismissed on demurrer. In his petition the plaintiff alleged that he was hurt by reason of being furnished a defective appliance by the defendant company, with which to unload a car of coal. The appliance was "a heavy iron wrench weighing about twenty-five pounds, and about three and a half feet in length, made with a square hole in one end." This wrench was brought into use by fitting the square hole over the square end of a shaft, or windlass, through the movements of which, together with the connected machinery, the cars were unloaded. The defect in the wrench consisted in one of the corners of the square hole being worn to such an extent that when the plaintiff pulled down on the wrench, the hole, or "eye," turned on the shaft, instead of holding and controlling it. It appears from the petition that the plaintiff had not used the wrench for several days prior to the time of the injury, but that during that time it had been used by other employees of the defendant without mishap. It was further alleged in the petition that the plaintiff was working under a foreman, and at the time was unloading the car under his direction. The case is here upon complaint of the plaintiff to the sustaining of the defendant's general demurrer.

It is evident that the plaintiff's injuries were the result of a failure upon his part to discover the defect in the instrument, which he had not only equal opportunities with the master of discovering, but for the discovery of which his opportunities were superior to those of the master or any of its representatives. On account of the size of the implement, the shape and exact condition of the hole, or "eye," must have been apparent to him upon a casual glance. The Civil Code, §2611, makes it the duty of the master to exercise ordinary care "in furnishing machinery equal in kind to that in general use, and reasonably safe for all persons who operate it with ordinary care and diligence. If there are latent defects in machinery, or dangers incident to an employment, unknown to the servant, of which the master knows, or ought to know, he must give the servant warning in respect thereto." But under

section 2612, "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself.    In suits for injuries arising from the negligence of the master in failing to comply with the duties imposed by the preceding section, it must appear that the master knew or ought to have known of the incompetency of the other servant, or of the defects or danger in the machinery supplied; and it must also appear that the servant did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof."    And the plaintiff nowhere complains that the alleged defect was latent, or that he could not have discovered it upon the most casual inspection.    The "eye" of the wrench had become worn to a considerable extent,—a defect that must have been visible and perfectly patent to any one with ordinary powers of vision, and it is not alleged that the plaintiff was suffering from any visual defect.    "If both the plaintiff and the defendant had equal opportunities of discovering this patent defect in the appliance on the day the accident occurred, then the defendant would not be liable for an injury resulting therefrom." Stewart v. Seaboard Air-Line Railway, 115 Ga. 628.    Here the fact that the plaintiff's opportunities for discovering the patent defect in the appliance he was using when hurt were superior to those of the defendant is made manifest by the allegations of the petition itself, and the general demurrer thereto was properly sustained.

Judgment affirmed.    All the Justices concur, except Fish, C. J., absent.