## 1705.   CENTRAL OF GEORGIA RAILWAY CO. *v.* HENDERSON.

The evidence for the plaintiff and all reasonable deductions therefrom, when most favorably considered, did not authorize a verdict in his behalf, and the trial court should have sustained the motion for nonsuit.

Action for damages, from city court of Savannah—Judge Freeman.   January 11, 1909.

Argued March 31,—Decided June 29, 1909.

Rehearing denied July 31, 1909.

*Lawton & Cunningham, H. W. Johnson,* for plaintiff in error.

*W. W. Gordon Jr.,* contra.

HILL, C. J.   Henderson sued the Central of Georgia Railway Company, to recover damages for personal injuries.   At the conclusion of the evidence in behalf of the plaintiff, the defendant

made a motion to nonsuit, which the court overruled, and this judgment is the only error assigned.

The defendant introduced no evidence. The evidence in behalf of the plaintiff shows the following facts: Plaintiff had been employed for five years in the railway company's carpenter gang. At the time of the accident he was thirty-nine years old and a man of experience in his work. On the day of his injury he went with his gang, consisting of six in all and a foreman, to repair an old fence for the defendant. He had been at work with the gang in repairing this fence for about an hour, when he was injured. In the progress of the work the old fence had been torn down and two end posts had been fastened firmly with poles to the curbstone. These end posts had been squared off on top, and a cross-bar, twenty-four feet long, seven inches wide, and three or four inches thick, was laid on the top of these two posts, reaching from one to the other. The length of this cross-bar made it necessary to have a middle post between the two end posts, in order to prevent the bar from sagging, and the middle post was placed between these two end posts; but when first placed, it was found not to be exactly in line with the other two posts, and the middle post had, therefore, been taken out and altered so as to make it in line with the other two. The cross-bar was not fastened to the two end posts, but was lying on top of these posts on its flat side, and, while it was in this position, the plaintiff was directed by the foreman to do some work on the middle post. No one was working on either of the end posts or on the cross-bar while the plaintiff was engaged in working on the middle post; and, while he was so engaged, the cross-bar fell from the top of the end posts and struck him on the head, causing the injury for which he sued. The petition does not allege, nor is there any evidence to show, what caused the cross-bar to fall from the top of the posts. The petition alleges simply that, "suddenly, and without notice or warning to your petitioner, the top rail of said fence (the cross-bar in question) became dislodged and fell upon your petitioner." There is only a general charge of negligence, to wit, that the defendant failed to provide a safe place for the defendant to work, and "negligently and carelessly permitted this cross-bar or top rail to fall upon him." It is alleged in the petition that the plaintiff was ignorant of the condition of this cross-bar or top rail, and had no opportunity to know of its

condition at the time of his injury.    The plaintiff and two of his fellow workmen testified, on his behalf, that they did not know what caused the top rail to fall, his fellow servants testifying that no one was near enough to touch either the top rail or the posts, and the plaintiff testifying that he was working on the middle post when the top rail fell upon him, and he did not know what caused it to fall.    Plaintiff further testified that he did not know at the time when he was working on the middle post whether this top rail was nailed or fastened to the end posts or not.    Both of his witnesses testified that they saw that the top rail was up there, that it was resting on the two end posts, that it was not nailed down; that it was bright daylight, nine or ten o'clock, and that the plaintiff could have seen the condition of the top rail with reference to its being fastened, "as well as any one else, if he had eyes." The evidence further showed that the plaintiff, in connection with the other members of the gang, had been engaged, for about one hour before the accident occurred, in taking down the old fence and setting up the posts in question and preparing the cross-bar for the new fence, the plaintiff himself participating with the others in tearing down the old fence and in setting the posts and in preparing the cross-bar for the new fence; and the plaintiff testified also that he saw the cross-bar resting on the two end posts, and knew that the middle post had been taken out and put back in line with the two end posts, but did not notice whether the cross-bar or top rail was nailed or not on the two end posts.    The boss in charge of the gang, superintending the work, knew, or was in a position to know, the condition of the post and the top rail, just as the workmen were.

This states the substance of all evidence relied upon by the plaintiff for a recovery, and the question arises whether, under this evidence, and all reasonable deductions therefrom, when most favorably considered for the plaintiff, a case of liability is shown. This court does not think so, and is clearly of the opinion that the trial court erred in not granting a motion to nonsuit.

It is conceded that the liability of the defendant must be determined by the provisions of §§2611 and 2612 of the Civil Code, and that §2321 is not applicable, under the facts of the case. There was, therefore, no presumption of negligence against the railway company upon proof of the plaintiff's injury, and the

burden was upon the plaintiff to prove negligence. In this particular case the burden was on the plaintiff to show that the position of the cross-bar on the two end posts was an unusual and dangerous position; that the master knew, or ought to have known, that it was dangerous; and the burden was on him to go still further and show that he, as a servant engaged in the very work of repairing the fence, did not know of the dangerous position, if indeed it was dangerous, of the top rail or cross-bar on the two end posts, and did not have equal means with the master of knowing such fact, and by the exercise of ordinary care could not have known thereof. Civil Code, §2612; *Holland* v. *Durham Coal Co.*, 131 *Ga.* 715 (63 S. E. 290); *McDonnell* v. *Central Ry. Co.*, 118 *Ga.* 88 (44 S. E. 840); *Brush Electric Light Co.* v. *Wells*, 103 *Ga.* 512 (30 S. E. 533). There is no allegation and no evidence that the injury of the plaintiff was caused by the negligence of any of his co-employees, the only allegation of negligence being the general one against the master, above stated. The defendant in error insists that he proved the allegations of his petition as laid. It is true that he did show that he was injured in the manner alleged, but there is no evidence whatever tending to prove the truth of the general statement charged against the master, that he was guilty of negligence in failing to provide a safe place for the servant to work, and negligently and carelessly permitted the top rail resting upon the two end posts to fall upon the servant. Not a single act of negligence, nor any act from which negligence could reasonably be inferred, is shown by the evidence, but the evidence, considered as a whole, admits of but one of two conclusions, either that the accident was a casualty pure and simple, or that it was one of the risks ordinarily incident to the service in which the plaintiff was engaged. This being true, the plaintiff could not recover, under the express provisions of the statute law as contained in §2612 of the Civil Code, and as repeatedly decided by this court and the Supreme Court. *Short* v. *Cherokee Mfg. Co.*, 3 *Ga. App.* 377 (59 S. E. 1115), and citations; *Baxter* v. *Satilla Mfg. Co.*, 114 *Ga.* 723 (40 S. E. 730). But even admitting that there was any danger in the place at which the plaintiff was working, by reason of the fact that this large cross-bar was not securely fastened to the tops of the two end posts, it was a danger that was as apparent to him as it was to the master.

Indeed, he had a better opportunity to discover the danger that existed than the master had. He was at work repairing one of the posts on which this identical bar was to rest, and he saw the cross-bar resting on the two end posts. He knew that this part of the fence was incomplete, and he had no reason to think or to expect that this top rail, which was resting on the very post at which he was working, was nailed down to the other two posts. One of his own witnesses testified, in connection with this character of work, that "it is always proper to line up the posts before anything is nailed. Before we nail the top bar on to make a fence, we line up our posts. This middle post was not lined up. We had no reason to expect that this top piece would be nailed on until this middle post was plumb up." The plaintiff says that he did not know whether the top rail was nailed to the two end posts or not, and he was right at it. He could see by looking at it that it was not nailed to the two end posts; and if this fact made the top rail dangerous to him, it was an open and visible danger, easily detected by him in the performance of his work; and if it was in fact dangerous, he was legally bound to see the danger and to avoid it. Knowledge of open and obvious peril is legally presumed. *Stewart* v. *S. A. L. Ry.*, 115 *Ga.* 624 (41 S. E. 981); *Walker* v. *Atlanta & W. Pt. R. Co.*, 103 *Ga.* 820 (30 S. E. 503); *W. & A. R. Co.* v. *Moran*, 116 *Ga.* 443 (42 S. E. 737). The case of *Ludd* v. *Wilkins*, 118 *Ga.* 525 (45 S. E. 429), on the facts, is very similar to the one now under consideration, and in that case the Supreme Court, in the course of the opinion, said: "It is apparent from the testimony that the plaintiff's husband had equal means with the defendant of knowing that the plank was not fastened, and by the exercise of ordinary care could have discovered this fact. A mere glance at the plank before he stepped upon it would have been sufficient for him to have seen that it was not tied, braced, or otherwise secured." It is perfectly clear in this case that the plaintiff, by a mere glance, before he went to work on the middle post beneath this top rail, could have discovered that it was not fastened on the two end posts. But we deem it useless to extend this discussion. Under no view of the evidence and the law applicable thereto was a verdict against the defendant authorized, and a judgment of nonsuit should have been awarded.

*Judgment reversed.*

The point presented in the motion for a rehearing is controlled by the decision of this court in *Rice* v. *Ware,* 3 *Ga. App.* 573 (60 S. E. 301).          *Motion for rehearing denied.*