10441.   FULTON BAG AND COTTON MILLS *v.* CAMP.

BROYLES, P. J. The petition as amended was not subject to any ground of the demurrer interposed, and the court properly overruled the demurrer.   *Judgment affirmed. Bloodworth and Stephens, JJ., concur.*
                DECIDED JULY 22, 1919.

Action for damages; from Fulton superior court—Judge Bell. February 8, 1919.

From the petition it appears that the plaintiff's husband, a machinist employed by the defendant in its factory, received injuries which caused his death, from the bursting of a pipe in the factory when he was placing around the pipe, under the direction of the defendant's foreman, a clamp to stop a leak from a crack in it. The petition as amended alleges, in substance: The

plaintiff's husband was for a number of years employed by the defendant as a machinist, and his duties were the usual and ordinary duties of a machinist in and about the defendant's machine-shop, which duties were working with machinery such as planes, lathes, and drills, and the making of repair parts for machinery in use in and about the factory, not including jointing and fitting steam-pipes nor dealing with steam in any capacity. The defendant employed as foreman one J. P. Bevil, whose authority was that of general foreman in charge of directing, supervising, employing, and discharging servants employed in the machine-shop, boiler-rooms, and other parts of the factory, and whose duty it was to give orders and lay out work for the employees in this part of the factory; he was the vice-principal of the master and chargeable with the entire care and direction of the work done by the plaintiff's husband in connection with his employment. On May 20, 1918, about 10:30 a. m., while the plaintiff's husband was engaged in the usual duties of his employment in the machine-shop,—that is, the making of certain guards to go over the belts of the machines operated by pickers in the mills,—the said foreman came to him, and, showing him a short piece of pipe, four or five inches in diameter, having a small crack in it, ordered that he make a clamp to fit and go around this piece of pipe, to be fastened with a bolt for the purpose of drawing the crack in the pipe together. In pursuance of the order he proceeded to make such a clamp, and when it was completed he and his helper, Clarence Pharr, were ordered by the foreman to follow him, and he said he would direct what was to be done with the clamp and pipe. The foreman then directed them into the boiler-room of the factory, to a ladder leading up on top of the casement enclosing the boiler, and ordered that they proceed up the ladder on top of the boiler-casement. There they found a pipe which connected the water-feed pump with the boiler and through which the boiler was supplied with water for use in making steam; and in this pipe, a short distance above the brick encasement of the boiler, there was a cast-iron L of the same dimensions as the one which the foreman had brought to the plaintiff's husband to be fitted with a clamp; and from a small crack in it, similar to the crack in the sample furnished by the foreman, a small quantity of steam was issuing. The foreman ordered that they fasten the clamp around

this L and draw it tight so as to stop the small leak in it, and "thereby save his having to shut the factory down and put in a new L." In obedience to this order the plaintiff's husband proceeded as directed, placing the clamp around the pipe, and, having just put the bolt through it, turned to the foreman and informed him that the pipe was too hot to handle. Just as he spoke the pipe burst, emitting large quantities of steam and hot water, scalding him on all parts of his body; and from these burns he died.

Allegations are made as to the training, experience, skill, and knowledge of the foreman as a mechanic in the fitting and repairing of such steam pipes, his knowledge of the power and strength of steam upon them, his previous inspection of this L, and his knowledge of its defective condition for three or four hours before the bursting of the pipe. It is alleged that the foreman knew, or ought to have known, that in order to make the L safe for such repairs as he had ordered, the fires should have been drawn from the boiler or fire-boxes, and the boiler and the pipe allowed to cool off, and the steam pressure reduced below any damage of bursting the L, or the feed-pump should have been shut down and the supply of water through the pipe stopped, and the cap should have been removed from the boiler check-valve and the steam thereby allowed to escape from the pipe, and the pressure on the pipe therefore reduced, before repairs of any kind were attempted upon it; which was not done by the foreman or any one else; and, on account of his failure to do one or the other of these, the steam pressure in the pipe and L was 150 to 250 pounds per square inch; which together with the defect in the pipe or L caused it to burst. The amount of the steam pressure in the pipe and L was not known to the plaintiff's husband, nor did it fall within his duties to have any knowledge of this or to make any inspection to discover it, but it did fall within the duties of the foreman. Nor did the plaintiff's husband have any knowledge of the effect of the steam pressure upon the defective L, it not falling within his duties to have such knowledge; and such steam pressure and the consequent lurking danger was therefore latent and hidden, so far as his knowledge was concerned, but all of this fell within the knowledge and duties of the foreman, and therefore the foreman knew or ought to have known that the ordering of the plaintiff's husband to make the

described repairs on the L was ordering him into a dangerous place, and likely to cause him injury. The work referred to—the fastening of a clamp around a live steam pipe—was outside his usual duties in connection with his employment as a machinist, he never having been called upon before to do work of that character, nor is it contemplated in the work and employment of a machinist. No attempt should have been made to repair the pipe while it contained steam and hot water under high pressure, but even if there are conditions under which such repairs might be made with safety, they would fall peculiarly within the duties of a steam-pipe fitter or one with special knowledge of the power and effect of steam upon such a pipe; and this knowledge was possessed by the foreman or should have been, and was not possessed by the plaintiff's husband and was not within the scope of his duties. The plaintiff's husband did not know until he had ascended upon the boiler casement, and the foreman had pointed out to him what was to be done, that the clamp he had made was to be put around the L. There are additional allegations as to his ignorance of the danger and his reliance on the skill and knowledge of the foreman. It is alleged that he was free from fault, and that the defendant, through its agent, was negligent (a) in ordering him into a place of great danger which was known or should have been known to the defendant, (b) in ordering him to work upon the L when fille'l with a high pressure of steam and hot water, which was unknown to him, instead of drawing the fires or taking any of the precautions specified above, and (c) in failing to warn him of the danger incident to the work. His age and earning capacity are stated.

The defendant demurred to the petition generally and specially, and the court overruled the demurrer.

*Rosser, Slaton, Phillips & Hopkins,* for plaintiff in error, cited: 84 *Ga.* 14, 16; 1 *Ga. App.* 810; 6 *Ga. App.* 831; Bailey, Master and Servant, 909, 911; 134 *Ga.* 712; Beach, Contrib. Neg. § 360; 18 *Ga. App.* 117; 99 *Ga.* 283; 92 *Ga.* 495; 119 Mich. 552; Labatt, M. & S. 67; 1 *Ga. App.* 717; Civil Code (1910), § 3131.

*Anderson & Slate, J. L. Anderson,* contra, cited: 1 *Ga. App.* 259; 1 *Ga. App.* 409; 5 *Ga. App.* 143, 154; 6 *Ga. App.* 718; 8 *Ga. App.* 618 (2), 622; 21 *Ga. App.* 340 (3), 349; 127 *Ga.* 615; 18 Ruling Case Law, 548-50, 643-4; 4 Labatt, M. & S. § 1313 (p. 3798), § 1362 (p. 3920); 103 *Ga.* 823 (2); 104 *Ga.* 582, 585; 105 *Ga.*

135 (4); 22 *Ga. App.* 309; 97 S. E. (N.C.) 48, 149; 23 *Ga. App.* 47.