28182. RAY *v.* WESTERN AND ATLANTIC RAILROAD.

DECIDED MAY 20, 1940.

612

*Dalton & Brooke,* for plaintiff.

*Walton Whitwell, Brown & Spurlock, W. D. Spears, D. W. Mitchell, W. M. Henderson,* for defendant.

SUTTON, J. There being no allegation to the contrary, it must be assumed that the plaintiff servant in the present case was of ordinary intelligence and laboring under no disability which rendered him incapable of knowing and appreciating the dangers incident to his employment. *Thomas* v. *Georgia Granite Co.,* 140 *Ga.* 459, 461 (79 S. E. 130). Construing the petition most strongly against the pleader on general demurrer, it appears that although it was alleged that the plaintiff did not know and had no way of knowing that the loose slag or ballast which caused him to fall and brought about his injuries as he stepped across the railroad-tracks had not been properly tamped or packed down, the pleaded facts show that he had equal means with the defendant, his master, of knowing of the alleged defective condition, and by the exercise of ordinary care could have avoided the injury which he sustained. The petition did not set forth a cause of action, and the court properly sustained the general demurrer. Code, § 66-303; *Western & Atlantic Railroad Co.* v. *Bradford,* 113 *Ga.* 276 (38 S. E. 823); *Stewart* v. *Seaboard Air-Line Ry.,* 115 *Ga.* 624 (41 S. E. 981); *Ludd* v. *Wilkins,* 118 *Ga.* 525 (45 S. E. 429); *Central of Georgia Railway Co.* v. *Price,* 121 *Ga.* 651 (49 S. E. 683); *Lee* v. *Atlantic*

*Coast Line Railroad Co.,* 125 *Ga.* 655 (54 S. E. 678) ; *Hendrix* v. *Vale Royal Mfg. Co.,* 134 *Ga.* 712 (68 S. E. 483) ; *Norris* v. *American Railway Express Co.,* 156 *Ga.* 150, 155 (118 S. E. 686) ; *Central of Georgia Railway Co.* v. *Henderson,* 6 *Ga. App.* 459 (65 S. E. 297) ; *Biederman* v. *Montezuma Mfg. Co.,* 29 *Ga. App.* 589 (116 S. E. 225). The present case is distinguishable from the cases cited for the plaintiff, and especially those cases in which the servant was so engrossed in executing an order of the master at the time of the injury as to excuse his failure to become aware of the defect causing such injury. The pleaded facts here show that while the plaintiff had been executing orders from a superior a short time before his injury, he was under no restraint or engrossment whatever when he stepped upon the loose slag and was injured.

*Judgment affirmed. Felton, J., concurs specially.*

STEPHENS, P. J., dissenting. I do not concur in the conclusion that the plaintiff had equal means with the defendant of knowing of the alleged defect which caused his injury. It is alleged that it was the duty of the employees of the defendant to tamp down the slag, that the slag appeared to have been tamped down, and that the plaintiff did not know that this had not been done. The defendant, through its agents whose duty it was to tamp down the slag, had actual knowledge that the slag had not been tamped down and was loose. I am of the opinion that the petition set out a cause of action, and that it was error to sustain the general demurrer. I therefore dissent from the judgment of affirmance.