29134. CURRY, administratrix, *v.* ATLANTIC COAST LINE RAILROAD COMPANY.

DECIDED SEPTEMBER 24, 1941.

J. T. Powell, D. W. Krauss, for plaintiff.

Wilson, Bennett, Pedrick & Bennett, F. M. Scarlett, L. J. Bennet, for defendant.

MACINTYRE, J. Mrs. Eliza Curry, individually and as administratrix of her husband, Jacob Curry, filed suit for damages for the value of her husband's life. Her petition was in two counts. The first count as the widow of the deceased, setting forth alleged liability on the part of the railroad company; the second count as administratrix of the deceased, alleging liability under the employee's liability act of Congress, and pleading the South Carolina statute; both counts alleging acts of negligence principally because the defendant had furnished to the employee an unsafe place in which to work. The material parts of count 1 as amended are:

"6.  That the said bridge or trestle upon which petitioner's said husband was working at the time of his death was some fifteen or twenty feet from the top of said bridge or trestle down to the water, creek or lake, and that the water under the said trestle in said river, creek or lake, was eighteen or twenty feet deep. . .

11.  That on said 11th day of October, 1938, the said deceased was employed helping to install a new bridge or trestle bolt and new timbers in a railroad bridge or trestle for the said defendant company, and to repair the said trestle or bridge over said river and creek near said Conway, in said State of South Carolina; that in the performance of his work with other employees of the defendant company at said time, the said deceased was engaged in the repair of said trestle and bridge over said river near said Conway, in said State of South Carolina, and was engaged in breaking off the heads of bridge timber bolts by using what was called by the bridge crew, a 'break bar.'  The said break bar is a tool and equipment furnished and supplied by the said defendant company to its employees in the doing of said work and breaking off the heads of said timber bolts in said bridge; the said break bar is an iron bar or instrument some six or eight feet long and weighing around twenty-five or fifty pounds.  Said break bar has forked prongs similar to the prongs to a claw hammer, and in the doing of said work it was necessary to push or shove the said prongs of said break bar under the heads of the bolts holding the timber of said bridge together, and in the breaking off of the heads of said timber bolts the said break bar was wrung first one way and then the other until the heads of said bridge bolts were broken off.  When the old bolts were removed by being driven through the timber, new bolts and timbers were replaced in the place and stead of the ones so removed from said bridge and trestle.  12.  Petitioner shows that while the said deceased was doing said work for the defendant master, one of the said bolt heads suddenly snapped off and broke, and the said Jake Curry, having said break bar in his hand, lost his balance, stumbled and fell off the said trestle, down into the said river and water of the said creek, and while so falling said eighteen or twenty feet, to the waters of said river or creek, his head and body must have struck a crosstie or some of the timbers of the said bridge, and in the said falling and said hurt, he lost his life and was drowned in the waters of said river or creek; his body being recovered some

three or four hours afterwards. 13. Petitioner shows that the death of her said husband was caused, as the dominant contributing factor, by the negligence of the defendant company in failing to furnish her said deceased husband with a reasonably safe place in which to do the work of the master." By amendment she alleged: "At the exact moment of time when the said deceased lost his life, he was engrossed, and had his mind especially centered upon and engaged in doing his work as described in this count of her petition, and that in the doing of the said work and so engrossed and attentive to same he was oblivious to the danger that surrounded him and to the danger of the place of work as furnished and supplied him by the master in said case, and in consequence of his being so engrossed in his work he tripped and stumbled and fell off the said trestle and bridge and was killed and drowned; as in this count of her petition set forth. 17. Petitioner alleges that when her husband, Jake Curry, lost his life and was drowned, as alleged in her petition, he was at said time so zealous and engrossed in his mind and exertion of all his mind and man power in wringing and twisting off the heads of said bridge timber bolts by the use of said bar, he was oblivious and unaware as to the danger that surrounded him at said moment and time, and when the head of one of the said bolts broke off, plaintiff's husband fell over the ends of the crossties on said trestle and bridge with said break bar into said stream or lake of water and was drowned." The judge sustained the general demurrer to the petition. The question is, whether the allegations are sufficient to set out a cause of action, or whether the plaintiff is barred because her husband had full knowledge of all the conditions and dangers incident to his employment and assumed the risk of such dangers.

The plaintiff is seeking to recover upon the allegation that the railroad company furnished her husband an unsafe place in which to work, in that the bridge was over a river or creek about fifteen or twenty feet above the water, and that this was a dangerous and unsafe place in the absence of any upright safety rails along the crossties to which might be attached ropes or wires to prevent plaintiff's husband from falling. The work at which the plaintiff's husband was alleged to have been engaged at the time he was injured was an ordinary or nonexpert laborer's work. *Schnibbe* v. *Central R. & Banking Co.*, 85 *Ga.* 592, 596 (11 S. E. 876). The work

dealt with simple and ordinary things, and whatever danger arose from their condition was plainly visible and not obscure. Whatever danger existed as it related to the place of work was constant, and was suggested by the common knowledge which all possess; both the conditions and the dangers were obvious to the common understanding, and on demurrer, in the absence of any allegation to the contrary, the servant was presumed to be of full age and intelligence, and with adequate experience in the line of work in which he was engaged (Butler v. Frazee, 211 U. S. 459, 29 Sup. Ct. 136, 53 L. ed. 281), which rendered him capable of knowing and appreciating the dangers incident to the place and his employment thereat. *Ray* v. *Western & Atlantic Railroad,* 62 *Ga. App.* 609, 612 (9 S. E. 2d, 92). There was no objection or complaint by the deceased to working on the said bridge. There was no defect in the bridge structure, and no danger that was peculiar to this particular bridge on which he was working such as to distinguish it from other bridges of similar character. The absence of any protection, such as the absence of a guard-rail, was a part of the fixed condition confronting the plaintiff's husband, and he was fully aware that there was no fence or guard-rail, and therefore assumed the risk of any danger growing out of the absence of such a guard-rail. From all the allegations in the petition, if the acts of negligence based upon the fact that the bridge had no guard-rail or the like was a deficiency or negligent delinquency, it was so obvious as to be seen by superficial and casual observation; so much so that the plaintiff's husband must, as a matter of law, have assumed it as one of the risks of his employment. *Carroll* v. *Atlanta Paper Co.,* 7 *Ga. App.* 584 (5) (67 S. E. 680). While the plaintiff further alleged by amendment that the husband was so engrossed and attentive to his work that he was oblivious to the danger that surrounded him, yet it does not appear that there was such an emergency or pressing exigency which so engrossed his attention as to prevent him from realizing the danger of his work, the dangerous character of which he well knew, and his injury and death were thus the result of a danger, obvious and apparent, which was assumed by the servant in the performance of a duty in the master's service. *Ayers* v. *Louisville & Nashville R. Co.,* 5 *Ga. App.* 454, 457 (63 S. E. 530). The judge therefore did not err in sustaining the general demurrer to count 1 of the petition.

The facts of negligence alleged in each count of the petition are identically the same, and the rules of law stated above are applicable to count 2. The judge did not err in sustaining the general demurrer to count 2 and in dismissing the action.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*