BANKS *v.* SCHOFIELD'S SONS COMPANY.

A master is not responsible in damages to his servant for injuries sustained by the latter while in the employment of the former, in consequence of defects in a tool furnished by the master, which the servant was using at the time of the injury, when the defects were such that they were known to the servant, or could have been known by the exercise of ordinary care on his part.

Submitted July 18,—Decided November 10, 1906.

Action for damages. Before Judge Hodges. City court of Macon. December 23, 1905.

Jim Banks sued the J. S. Schofield's Sons Company, a corporation, for damages alleged to have been sustained by him by reason

of personal injuries received while in the employment of the de-fendant, which were alleged to be due to its negligence. The de-fendant demurred to the petition, on the ground that it set forth no cause of action. The demurrer was sustained, and the plaintiff excepted. Leaving out the allegations intended to show the ex-tent of the plaintiff's injuries and the amount of his damages, the substance of his petition was as follows: The defendant employed the plaintiff, a man thirty-eight years of age, to "dress off the rough edges of the iron on" the truck frame of an engine, and furnished him, for this purpose, with an iron chisel, which was old, worn, and much too short for the work. While the plaintiff was using this chisel "in dressing or chipping" the iron of such truck frame, "a piece of steel flew off from the end of said chisel and struck [him] in his left eye, destroying the sight of the same." The "defendant company was negligent in not furnishing petitioner with a safe tool with which to work; . . said chisel was much too short for said work, being about six inches in length; and petitioner, in bending over to see the same and where to direct it, brought his eye in close proximity to the particles of metal that fly off from said chisel or from the engine frame on which petitioner was engaged at work." He "was unskilled in said work and did not know of the danger in bringing his eye so near flying pieces of metal," but the defend-ant "knew of the danger to petitioner in the use of said tool, but failed to warn him thereof." The chisel "was old and worn, and petitioner, on account of his unskilfulness, did not know of the danger of using the same in his work;" and "the deficiency in said tool, and its weakness, and its liability to break in its condition, was known to the [defendant], or could have been ascertained or discovered by the use of ordinary care on its part." At the time the plaintiff was injured he was "in the exercise of all ordinary care and diligence," and the injuries were "caused entirely by the negligence of the [defendant] in failing to furnish him with safe and sufficient tools with which to do the work required of him."

*Glawson & Fowler, J. H. Hall,* and *Warren Roberts,* for plaintiff. *Hardeman & Jones,* for defendant.

FISH, C. J. (After stating the facts.) We have stated the sub-stance of the averments of the petition, and from them it will be seen that, notwithstanding some allegations which tend somewhat to indicate a purpose on the part of the pleader to seek a recovery

upon the ground that the work, unknown to the plaintiff, was extraordinarily hazardous, and the defendant failed to warn him of the dangers incident thereto, the real gist of the petition is, that the defendant furnished the plaintiff, its servant, with a defective and dangerous chisel with which to do the work required of him, by the use of which he was injured. For instance, while the plaintiff makes the surprising allegation that he, a man thirty-eight years old, being unskilled in this particular work, did not know—what it seems that any man of common sense ought to have known—that it was dangerous to bring his eyes in close proximity to flying particles of metal, this allegation, instead of being followed by an averment that the defendant failed to warn him of this danger, is simply followed by an allegation that the defendant knew of the danger to the plaintiff in the use of this particular tool, but failed to warn him of it. And, as if to more clearly indicate that the purpose of the pleader was not to allege that defendant failed to warn plaintiff of danger ordinarily incident to work of this character, but to allege a failure to warn him of the danger of using this defective chisel in performing it, it is alleged that "said tool was old and worn, and petitioner, on account of his unskilfulness, did not know of the danger of using the same in his work; and that the deficiency of said tool, and its weakness, and its liability to break in its condition, was known to [defendant], or could have been ascertained or discovered by the use of ordinary care on its part." The construction which we have placed upon the plaintiff's petition is exactly the same as that given to it by his counsel, in the brief filed by them in this court, wherein the only cause of action claimed to be set up in the petition is the one which we have construed the petition as seeking to allege.

The law applicable to the case, as laid down by our Civil Code, is as follows: The master is bound to exercise ordinary care "in furnishing machinery equal in kind to that in general use, and reasonably safe for all persons who operate it with ordinary care and diligence. If there are latent defects in machinery, or dangers incident to an employment unknown to the servant, of which the master knows, or ought to know, he must give the servant warning in respect thereto." § 2611. "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In suits for injuries arising

from the negligence of the master in failing to comply with" his above indicated duties to his servant, in order for the servant to recover, "it must appear that the master knew or ought to have known . . of the defects or danger in the machinery supplied; and it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof." § 2612. When we apply these legal principles to the facts alleged in the present case, it is obvious that the mere fact that the defendant was negligent in furnishing the plaintiff with the chisel described would not render it liable for the injury which the plaintiff sustained by its use. In order to render the master liable, "it must also appear that the servant injured did not know" of the defective condition of the tool supplied. There is no allegation that the plaintiff did not know that the chisel was old, worn, and much too short for the work on which he was engaged; and even if there were, the allegation would not be well pleaded, for these were clearly patent, not latent, defects, which, in the very nature of things, the man who was handling and using the instrument must have observed and known. Certainly, in the absence of an averment that he did not know of them, the presumption is that he did, as he was a man of mature years and presumably of at least ordinary intelligence.

The decision of the case might well rest here, upon the failure of the petition to show that the plaintiff did not know of the condition of the chisel while engaged in using it, but the case which he states is further fatally defective in that it is apparent that his "means of knowing" that the chisel was old, worn, and much too short for the work were at least equal to those of the defendant; for he saw the tool, handled, and used it, and, from his observation of it while he was using it, is able to describe its then apparent condition. This being true, he could not recover upon the ground that the defendant furnished him with a tool which was in this condition, by the use of which he was injured. Besides, it is perfectly clear that the plaintiff, by the use of ordinary care, could have known, before his injuries resulted from the use of the chisel, that it was in the condition which he describes, and this fact alone is also sufficient to prevent him from holding the defendant liable for having furnished him with this particular tool with which to perform the work. The allegation that the plaintiff was "in the

exercise of all ordinary care and diligence when injured," is a mere conclusion of the pleader, which is not supported by the facts alleged. If the master, by the use of ordinary care, could have discovered that this chisel, on account of its patent defects, was liable to break, if used in the work upon which the servant was engaged, the servant, by the use of the same degree of care, could have ascertained the same fact. Where danger is obvious, no warning is required. *Commercial Guano Co.* v. *Neather,* 114 *Ga.* 416; *Crown Cotton Mills* v. *McNally,* 123 *Ga.* 35, and cit. The allegation upon which counsel for plaintiff in error rely to break the force of the demurrer is "that the deficiency of said tool, and its weakness, and its liability to break in its condition, was known to the [defendant], or could have been ascertained or discovered by the use of ordinary care on its part." They contend that this shows that the defect in the tool was latent. But this averment is by no means an allegation of a hidden defect in the tool. It simply amounts to a mere general and indirect allegation that the chisel was deficient, weak, and liable to break, and, standing alone, fails to indicate what defect, latent or patent, caused it to be deficient, weak, and liable to break. But construed, as it must be, in connection with the averments which point out the defects in the tool, it simply means that the deficiency, weakness, and liability to break, referred to, resulted from the chisel's being old, worn, and much too short for the work.

The plaintiff's petition is fatally defective in three particulars. It fails to show that he did not know of the condition of the chisel before he was injured by its use; it shows that his means of knowing its condition were as good as those of the defendant, and it is apparent that by the use of ordinary care he could have known its condition. The petition failed to set forth a cause of action, and the demurrer thereto was, therefore, properly sustained. *Baker* v. *Western & Atlantic R. Co.,* 68 *Ga.* 706; *Bell* v. *Western & Atlantic Railroad,* 70 *Ga.* 568; *Western & Atlantic R. Co.* v. *Bradford,* 113 *Ga.* 276; *Manchester Manfg. Co.* v. *Polk,* 115 *Ga.* 545; *Stewart* v. *Seaboard Air Line Ry.,* Ib. 624; *Western & Atlantic Railroad Co.* v. *Moran,* 116 *Ga.* 443; *Ballew* v. *Broach,* 121 *Ga.* 421.

*Judgment affirmed. All the Justices concur.*