BOLDEN *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

HOLDEN, J. Where suit is brought for the pecuniary value of the life of the plaintiff's son, because he was killed by reason of defects in an appliance furnished him by his master, with which to work while in the master's employment, and the allegations of the petition show that

the son knew, or, by the exercise of ordinary care, could have known of such defects, and of the dangers attending the use of such appliance because of such defects, it is proper for the court to dismiss the petition, upon a general demurrer thereto.

*Judgment affirmed. All the Justices concur.*

Argued January 10,—Decided March 28, 1908.

Action for damages. Before Judge Cann. Chatham superior court. May 15, 1907.

The petition alleged, that the plaintiff's son Ollie was employed by the defendant as a laborer at one of its wharves, and, under the supervision and instruction of the defendant's foreman, was engaged, with other employees of the defendant, in raising certain wooden sills of the wharf; that the foreman had caused to be placed beneath one of the sills an iron machine or device known as a lever jack-screw, and had caused to be placed upon the iron cap or crown of the said jack a short wooden scantling, so that when, by the operation of the jack, the same was extended, the scantling resting upon the head thereof was pressed upward with great force against the sill; that after the jack and the scantling had been so placed, the said Ollie was directed by the foreman to operate the same, and, in obedience to such instruction, did operate the jack, until it was forced upward and against the scantling so placed upon the crown of the jack, and thereby upward and against the sill; that after so operating the jack he was instructed to cease such operation, while another of the defendant's employees was instructed to place beneath the said raised sill a wooden scantling, with which to hold it in place; and while the said Ollie was so standing, within arm's length of the jack, the same, together with a wooden scantling so resting on it, suddenly, with tremendous force, sprang outward from beneath the scantling so placed, and struck him with such force that he was knocked into the river and drowned; that when this occurred he was at his place of duty, exercising, in the performance thereof, all ordinary and reasonable care and diligence, and without fault was killed; that he had only been employed for a few weeks, and was not accustomed to or skilled in said work, nor in the use and management of the said jack and other appliances used with it; that he was killed as alleged solely by reason of the negligence and improper conduct of the defendant and its agents and employees in charge of the wharf construction; that they were guilty of the following

acts of negligence, directly causing his death: (1) The said jack was old, worn, and utterly unfitted for the uses to which it was applied, in this, that the iron cap or crown of the jack was worn and thereby loosened, and so permitted to move from side to side, so that it would not squarely and firmly press or impinge against any desired object, but, when the screw of the jack was extended by the operation thereof, for the purpose of raising any object resting on it, the crown of the jack, because of this worn, loosened, and defective condition, would turn and topple downward and sidewise, thereby permitting the jack to be thrown from beneath the object placed upon the said crown. (2) The power to be derived by the use of the jack was improperly applied in lifting the said sill, in that such power was not immediately applied by contact of said iron crown with the sill, but was applied by placing upon the iron crown the wooden scantling, and thereby greatly increasing the hazard; and the crown, by reason of its worn, loosened, and defective condition, would turn, topple, and throw the scantling, together with itself, outward and against any person near thereto. (3) The use of the scantling between the crown-head of the jack and the sill greatly increased the danger incident to the use of the jack in such defective condition. (4) The jack was defective and wholly unsuited to the purposes for which it was so used, in this, that certain mechanical devices connected with it, known as the pawl and ratchet, had become so worn and loosened that when a certain iron lever attached to the jack was operated, the pawl and ratchet would not raise the screw thereof upward; and in order to operate the same, unusual and violent motion of the lever so attached to the pawl and ratchet was necessary, and, by reason of such violent lateral motion, the safe and proper position of the jack would be disturbed, and thereby the hazard that the jack would be displaced from its proper position was greatly increased. By amendment it was alleged, that the defendant and its employees so using the said lever jack-screw knew or ought to have known of its defects and dangerous condition, and of the dangers incident to its use in the manner aforesaid; and the said Ollie did not know and had not equal means of knowing of such defective and dangerous conditions, or of the dangers incident to the use of the said jack-screw in the manner aforesaid, and by the exercise of ordinary care could not have known thereof.

*D. H. Clark,* for plaintiff, cited Civil Code, §§2611, 2321-22-23, 5048; *Ga. R.* 70/674 (2a); 86/485; 94/782; 115/938; 120/230; 98/655 (1); 88/54 (2), 56; 61/444 (1); 92/161, 398; 105/380 (1); 127/201, 206.

*Lawton & Cunningham, H. W. Johnson,* and *E. S. Elliott,* for defendant, cited Civil Code, §2612; *Ga. R.* 58/485; 113/276; 116/443; 118/525; 123/37; 125/655, 657; 126/667, 670.