## HOWARD *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. "The failure of the master to instruct the servant how to perform work which any person of ordinary intelligence can perform without instructions, and the performance of which is unattended by extraordinary hazard or danger, is not such a breach of his duty to instruct as will give a servant injured while performing the work a right of action for damages."
2. The duty of a master to warn his servant of dangers incident to his employment does not embrace an obligation of the master to anticipate that the servant may perform his task improperly, and to warn him of an obvious danger resultant from such improper method of performing his task.
3. Obvious risks incident to an employment are assumed by the servant in his contract of employment.

AUGUST 16, 1912.

Action for damages. Before Judge Felton. Bibb superior court. April 27, 1911.

*R. L. Berner,* for plaintiff. *Ellis & Jordan,* for defendant.

EVANS, P. J. The plaintiff's petition was dismissed on general demurrer. He alleged as follows: He was employed by the Central of Georgia Railway Company as a helper in its machine-shops at Macon, and it was his duty to do anything in the shop that he was told to do by any one. Among other duties that he was required to perform was to assist in the management of what is known as the boring-machine. "A part of said machine was made of a chain with a hook attached to the end thereof, and said hook was used for the purpose of hooking to said chain a large iron weight, 150 pounds or more, and which was used for the purpose of balancing the machinery connected with said boring machine. When this weight was lifted off by the derrick or other machinery to a certain height, it became the duty of petitioner in connection with another employee of the defendant company to lift the iron weight and unhook it from the chain and rehook it in a lower link of said chain." Prior to his employment he had

never worked in a machine-shop, and on the day he was injured he was called for the first time to perform this task. He was ignorant of how it was to be done, and no one informed him how to do it, but he was called upon by the employee in charge of the chain and weight to assist him at once, without being warned of any danger connected with the performance of the undertaking. His coemployee in charge of the machine had raised the weight to a height about even with his shoulders, when he was called upon immediately to take it off the hook and rehook it in a link of the chain lower down. Under the instructions of his coemployee, who had charge of and was operating the machine, he lifted it off without any knowledge of its weight or that there was any danger attached to the removal of the weight at that height. Immediately upon detaching the weight from the hook it fell and struck him on his right side, inflicting certain injuries. He alleged, that it was the duty of his boss to assist him in this work, who failed to do so, and acting under the instructions of the 'boss employee' he undertook to perform it himself; that it was the duty of the defendant to have instructed him how to perform his task, and to warn him of the danger of attempting to lift so great a weight at that height, and to have had some one to assist him in taking the weight off of the hook; and that the defendant was negligent in failing to discharge these duties.

The plaintiff was a green hand, but he does not pretend that he was not endowed with ordinary intelligence. It would be ridiculous to assert that a man of ordinary intelligence, in order to unhook a weight from one link in a chain to another, should be instructed as to the process. Nor does it appear that such performance would be attended by any extraordinary hazard or danger. Indeed, the statement in the petition that the weight was raised above the usual height carries the explanation of the cause of the accident. "The failure of the master to instruct the servant how to perform work which any person of ordinary intelligence can perform without instructions, and the performance of which is unattended by extraordinary hazard or danger, is not such a breach of his duty to instruct as will give a servant injured while performing the work a right of action for damages." *Sims* v. *E. & W. Railroad Co.*, 84 *Ga.* 152 (10 S. E. 543, 20 Am. St. R. 352).

The plaintiff's charge that the master was negligent "in failing to warn him of the danger connected with the performance of the task when he undertook to take the weight off of the hook when it was at an improper height and when it was not even with his breast, so that when it was taken off it would not drop upon his person as it did in the present instance," carries its own refutation in the statement. If the weight was at an improper height, the servant should not have attempted to take it off the hook. The danger of such attempt would be obvious. It is the duty of a master to warn his servant of danger incident to his employment. This obligation of duty does not require a master to anticipate that his servant may improperly perform his task in a particular manner, and warn him of an obvious danger resultant from such improper method of performing his task. *Commercial Guano. Co.* v. *Neather*, 114 *Ga.* 416 (40 S. E. 299) ; *Banks* v. *Schofield*, 126 *Ga.* 667 (55 S. E. 939). With respect to the charge of negligence in not having some one present to assist him in the performance of his task, the plaintiff knew this, and in undertaking the work alone he assumed the danger of such an obvious risk. The petition was properly held bad on demurrer.

*Judgment affirmed. All the Justices concur.*