# CASES

DECIDED IN THE

# SUPREME COURT OF GEORGIA

AT THE

## MARCH TERM, 1915

---

## LAWRENCEVILLE OIL MILL v. WALTON.

1. In an action for damages by an employee against his employer, under the general law of master and servant as existing in this State, based upon an injury resulting from a latent defect in machinery with which the plaintiff is employed to work, if the petition fails to allege in express terms that the master knew, or by the exercise of ordinary care could have known, of the defect, and failed to warn the servant thereof, and fails to allege that the servant did not have equal means with the master of knowing of the defect, the petition will not be subject to general demurrer on the ground of the absence of such allegations, if it contains other allegations which in substance import such knowledge upon the part of the master and unequal means on the part of the servant of knowing the defect. Properly construed, the allegations of the petition were such as in effect to import knowledge as just stated; and it was not error at the trial term to overrule the motion to dismiss the petition.

2. In an action of the character already mentioned, where it was sought to recover damages for loss of time, for permanent diminution in earning capacity, for expenses of medical treatment, and for pain and suffering resulting from the injury sustained by the employee, it was erroneous to charge broadly: "In some torts the entire injury is to the peace, happiness, and feelings of the plaintiff. In such cases no measure of damages can be prescribed, except the enlightened conscience of. impartial jurors," without instructing the jury that the charge was applicable only to the element of damage based on pain and suffering. As the charge given was not so restricted, and as other elements of damages were involved to which the charge was not applicable, the error is sufficient to require the grant of a new trial.

3. It is unnecessary to make any decision upon the assignments of error based on the general grounds of the motion for new trial.

MARCH 9, 1915.

Action for damages. Before Judge Park. Gwinnett superior court. February 14, 1914.

J. L. Walton instituted an action for damages against the Lawrenceville Oil Mill, a corporation. The petition alleged, among other things, the following in substance: The plaintiff, an employee of the defendant at its oil mill, while in the performance of his duties, was endeavoring, as it was his duty to do at the beginning of his day's work, "to blow out the boiler." He "applied, in the usual ordinary manner, a wrench to the nut" on a valve. Owing to a defect the valve was leaking, and when the wrench was applied an excessive amount of hot water and steam was released from the boiler, and with such force as to explode a certain pipe, emitting a volume of steam against petitioner, throwing him to the ground and scalding him in the face and on his arms and legs. The defect in the valve was not known to him, and was one which he could not discover by the use of ordinary care. The valve was not in proper condition, but was loose and defective, being old and not such as was in common use for the purpose intended. The valve was intended as a contrivance to permit the "slow escape of steam," in order that through it the boiler might be blown out with safety. Such valve "was usually constructed and maintained to prevent the escape of a large volume of steam and hot water; but this particular contrivance was so constructed and maintained that it gave the result that it was designed to prevent. . . Said valve had been inspected a short time before petitioner was injured." It was also alleged, "that defendant furnished said valve for petitioner to work with, and that defendant was negligent in furnishing the same without it being in proper condition to be used by petitioner. . . Petitioner shows that his injury was due to the negligence of defendant in failing to furnish petitioner with proper machinery with which to work." In other paragraphs of the petition the extent of the injuries was described, indicating that they were very serious; and it was alleged that, as a result, the plaintiff had been incapacitated for work for a considerable time, that the injuries would probably be permanent, and that he had sustained great pain and suffering, and had incurred a stated amount of indebtedness for medical treatment. It was alleged that he was thirty-three years of age, and capable of earning eleven hundred dollars per annum. It was prayed that he be allowed to "recover for the in-

juries received, for pain and suffering, and for the amount of medical bills and expenses for medical treatment." The defendant did not file a demurrer, but at the trial term, and before the case was submitted to the jury, a written motion was made to dismiss the petition, on the ground that it "sets forth no cause of action against defendant." The motion was overruled. The case proceeded to trial, and a verdict was returned for the plaintiff. The defendant made a motion for new trial, which was overruled. The defendant excepted to this ruling, and to the overruling of the motion to dismiss. Other facts will sufficiently appear in the opinion.

*Smith, Hammond & Smith* and *I. L. Oakes,* for plaintiff in error.
*Evans & Evans* and *O. A. Nix,* contra.

ATKINSON, J. 1. As a matter of practice, a motion to dismiss a petition, on the ground that it sets forth no cause of action, may be entertained when presented for the first time at the trial term. *Capps* v. *Edwards,* 130 *Ga.* 146 (60 S. E. 455). Whether such motion should be sustained is another question. From the briefs of counsel for the plaintiff in error, it develops that the grounds relied on for dismissing the action are, that the petition fails to allege that the defendant had knowledge of the defect in the valve from which it is claimed that the injury resulted; and that there is no allegation that the plaintiff did not have equal means with the defendant of knowing the defect. Under the law in this State in regard to the liability of the master to his servant for injuries, on account of negligence in the matter of furnishing safe machinery with which to work, it should ordinarily appear, in cases of latent defects, that the master knew or ought to have known of the defect: also that the servant did not have equal means with the master of knowing of the defect. Civil Code, §§ 3130, 3131; *Holland* v. *Durham Coal & Coke Co.,* 131 *Ga.* 715 (63 S. E. 290). It is not in express terms alleged in the petition that the defendant had knowledge or ought to have known of the defect, or that the plaintiff did not have equal means with the defendant of knowing thereof. If, however, there are other allegations which, in substance, import the same thing, the judgment refusing to dismiss the case on general demurrer should not be reversed for the want of more specific allegations on the subject. In the case of Johnson v. Missouri Pacific Railway Co., 96 Mo. 340, 345 (9 S. W. 790, 9

Am. St. R. 351); it was said: "The specific objection urged to the above petition is, that it does not allege that defendant either knew, or might by the exercise of ordinary care have known, that said hammer was not reasonably safe for the purposes for which it was to be used. In the case of Crane *v.* Railroad, 87 Mo. 588, it was held, that, in an action by a servant against his master for negligence in furnishing improper or unsafe appliances for the servant's use in his work, the petition must allege that the master either knew, or might by the exercise of ordinary care have known, of the dangerous and defective construction of the appliance, or it must contain an equivalent averment; and that an allegation that the master negligently furnished an appliance which was defective and unsafe is an equivalent averment, and sufficient. Under this ruling, the objection to the sufficiency of the petition, based on the ground stated, is not well taken, as it is therein averred that the unsafe hammer was negligently furnished plaintiff by defendant." In the case of O'Connor *v.* Illinois Central Ry. Co., 83 Iowa, 105 (48 N. W. 1002), it was held: "In an action by an employee of a railroad company, for damages for injuries sustained in being thrown from a freight-car alleged to be so defectively constructed that it would not turn a curve, an allegation that the plaintiff's injury was caused wholly by the defendant's negligently using and permitting to be used the car so defectively constructed sufficiently charges negligence on the part of the defendant, although such negligence could only be proven by showing that the defendant had either actual or constructive knowledge of the defect." In the case of Chicago, Burlington & Quincy R. Co. *v.* Kellogg, 55 Neb. 748 (76 N. W. 462), it was held: "An averment in a petition that the defendant negligently permitted a certain appliance to become defective, and negligently suffered it to remain in a defective condition, implies that the defendant knew or was culpably ignorant of the defect." From the allegations of the petition now under consideration, it appears that the valve in which the defect existed was not supplied as a separate instrument, but as an attachment forming a part of a steam boiler, a complex piece of machinery. It was different from a chisel, jackscrew, or cant-hook, as involved in the cases of *Banks* v. *Schofield Sons Co.,* 126 *Ga.* 667 (55 S. E. 939); *Bolden* v. *Central Ry. Co.,* 130 *Ga.* 456 (60 S. E. 1047); *Williams* v. *Garbutt Lumber Co.,* 132 *Ga.* 221 (64 S. E. 65). The recitals

descriptive of the valve and the manner in which the injury occurred do not, within themselves, import an obvious defect or danger. In general terms it was alleged that the plaintiff, whose duty it was to use the machinery in the manner attempted, did not know of the defect and by the exercise of ordinary care could not discover it. This general allegation, when considered in connection with the context, implies a latent defect. Under those circumstances, plaintiff's means of knowing of the defect would not be equal to those of the master, if, as alleged, the latter knew or by the exercise of ordinary care could have discovered it. In substance, such allegations were the equivalent of allegations that the plaintiff did not have equal means with the defendant of knowing of the defect. Though a latent defect, it would be negligent not to warn the servant of its existence, if the master knew, or by the exercise of ordinary care could have known, of its existence. Civil Code, § 3130. The law just cited declares it to be the duty of the master to furnish "machinery equal in kind to that in general use, and reasonably safe for all persons who operate it with ordinary care and diligence." After alleging facts constituting an omission of duty in this regard, it was alleged in general terms that, on account of such omission, the defendant was negligent, and that the plaintiff's injury resulted from such negligence. Under the circumstances, this, in substance, was an indirect way of charging the master with knowledge of the defect. It therefore appears that the petition was not subject to general demurrer for either of the reasons urged for its dismissal.

2. One ground of the motion for new trial complains of the following charge: "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff. In such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors." This charge was appropriate to the element of damages based on pain and suffering, but not to the elements consisting of special damages for loss of time, loss of earning capacity, and expenses incurred for medicines, physicians' bills and the like. *Linder* v. *Brown,* 137 *Ga.* 352 (73 S. E. 734). The charge complained of should have been limited by the judge to damages for pain and suffering. It was not so limited. On this point the case on its facts is controlled by the decision in *Southern Ry. Co.* v. *Broughton,* 128 *Ga.* 814 (58 S. E. 470), and a new trial must be ordered.

3. As the judgment will be reversed, and there will be another trial, no ruling will be made with reference to the general grounds of the motion.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent, and Evans, P. J., disqualified.*