9360. MORRIS *v.* CHARLESTON & WESTERN CAROLINA RAILWAY CO.

BLOODWORTH, J. The court did not err in sustaining the demurrer to the petition.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

DECIDED APRIL 10, 1918.

Action for damages; from city court of Richmond county— Judge Black. November 7, 1917.

The petition alleges, that the plaintiff was employed by the railway company in its yard as a common laborer in repairing its cars; that in repairing its cars its employees were sometimes required to use jacks and to jack up or raise one end of the car so that the wheels could be removed from under the car; that the jacks used for this purpose were furnished by the company and were left about in the yard to be used by the employees as the necessity of the occasion required, and it was required that the employees, when they needed the jacks, should get the first ones that came handy; that the plaintiff and coemployees were in the yard, working on a box-car, one end of which had been raised, and it was desired to lower the end of the car, and when the plaintiff undertook to work the jack under the car to lower the end, the jack slipped, the handle flying up and striking him in the jaw, and inflicting injuries, described, for which he sues; that "said injury was

caused by the said jack slipping from being old and worn, and the cogs were so worn that they would not hold; which condition was known to the defendant company, or in the exercise of ordinary care and diligence should have been known, and which condition was not known to . . petitioner, it not being his duty to inspect said tools; and which condition could have been discovered by inspection only;" that "the injuries complained of were caused solely by the negligence of defendant company, in that (a) it failed to furnish . . petitioner with safe tools, machinery, and appliances with which to do his work," and in that (b) it "failed to discharge its duty in inspecting said jacks and discovering their worn-out condition and remedying the same before furnishing them to petitioner for use, and not notifying him of their unsafe condition;" that he "was free from fault in the premises and did not know of the worn-out condition of said jacks, and did not have equal means with the company of ascertaining said worn-out condition, and was in the exercise of all ordinary care and diligence for his own safety."

The demurrer was on the grounds that no cause of action was set out, and that it was apparent that the plaintiff was injured "as the result of his own action."

*T. F. Harrison, I. S. Peebles Jr.*, for plaintiff, cited: *Lawrenceville Oil Mill* v. *Walton*, 143 *Ga.* 259 (1); *Williams* v. *Garbutt Lumber Co.*, 132 *Ga.* 227.

*W. K. Miller*, for defendant, cited: *Bolden* v. *Central Ry. Co.*, 130 *Ga.* 456-7; *Lee* v. *A. C. L. R. Co.*, 125 *Ga.* 655; *Banks* v. *Schofield's Sons Co.*, 126 *Ga.* 667; *Southern Ry. Co.* v. *Hightower*, 146 *Ga.* 279; *W. & A. R. Co.* v. *Bradford*, 113 *Ga.* 276; *A. & C. Air-Line Ry.* v. *Ray*, 70 *Ga.* 674 (3); *Ga. R. Co.* v. *Nelms*, 83 *Ga.* 70; *R. & D. R. Co.* v. *Dickey*, 90 *Ga.* 491 (2); *Stewart* v. *S. A. L. Ry.*, 115 *Ga.* 624, 628; *Southern Ry. Co.* v. *Taylor*, 137 *Ga.* 704; *Upchurch* v. *Culpepper*, 17 *Ga. App.* 577; *Belk* v. *Lee Roy Myers Co.*, 17 *Ga. App.* 684; *Williams* v. *A. C. L. R. Co.*, 18 *Ga. App.* 120.