9560.   TEXAS COMPANY *et al. v.* HEARN.

1. A servant 19 years old, "of fair education and training," is chargeable with the same degree of diligence for his own safety as an adult engaged in the same work.

2. "A master is not responsible in damages to his servant for injuries sustained by the latter while in the employment of the former, in consequence of defects in a tool furnished by the master, which the servant was using at the time of the injury, when the defects were such that they were known to the servant, or could have been known by the exercise of ordinary care on his part."

3. "The duty of a master to warn his servant of dangers incident to his employment does not embrace an obligation of the master to anticipate that the servant may perform his task improperly, and to warn him of an obvious danger resultant from such improper method of performing his task."

DECIDED FEBRUARY 12. 1919.

Action for damages; from Baldwin superior court—Judge Park. January 14, 1918.

Mrs. Leah V. Hearn sued the Texas Company, alleging, in substance, as follows: that the petitioner is the mother of Cline Hearn, who in his lifetime contributed to her support; that on December 29, 1916, the said Cline Hearn, then a minor 19 years old, was employed by the defendant, and, while engaged in the discharge of his duties, was killed as a result of the negligence of defendant and its agent, Homer A. Massey; that prior to December, 1916, the said agent employed the deceased to drive a truck and to sell and deliver gasoline; that said agent furnished the deceased, for use by him in performing his duties, an automobile truck and a number of ten-gallon oil cans, to be carried on said truck for the transportation of oil and gasoline; that the platform of the truck upon which the cans stood was 40 inches above the surface on which the truck ran, and the cans were 24 inches high; that it was Hearn's duty to carry these cans, filled with gasoline and oil, to the point of delivery, and take them from the truck and pour their contents into the tanks of dealers to whom he sold; that a number of the cans furnished Hearn had defective covers, in that the covers did not fit the opening of the cans tight enough to prevent their falling out when they were tilted; that on the date of his death Hearn drove his truck to Gordon, and there made a sale of gasoline for his employer to a dealer, and, in taking the can of gasoline from the truck for the purpose of delivering it, tilted the can, and the defective cover came off and gasoline poured out over the said Hearn's body and clothing; that within five minutes after making this delivery he was in the drug store of Dr. Evans at Gordon, standing at the counter near a cigar-lighter, which was burning a small flame, and standing more than 12 inches therefrom, when the fumes of gasoline from his clothing caught fire from the flame, and the fire was communicated to his gasoline-soaked clothing, and the burns therefrom caused his death; that Cline Hearn never handled gasoline until after his employment by the defendant, which was less than four months prior to his death; that he had no knowledge of the danger attending the handling of the same, and that he had no knowledge of the inflammable nature of its fumes, while the defendant well knew of the dangers incident to his employment, and the inflammable nature of the gasoline; that the defendant well knew the youth, inexperience, and lack of knowledge of Hearn about his business; that the truck and cans furnished

Hearn were defective and dangerous tools, in that Hearn was only 5 feet, 4 inches tall, the floor of the truck was 40 inches above ground, the top of the can 24 inches above the floor of the truck, and the cans, when full, weighed more than 100 pounds, and, in order for Hearn to remove the cans from the truck, it was necessary to tilt the can until he could encircle it with his arms; and that Hearn had no opportunity to learn of the dangerous character of the tools. It is alleged that the defendant was negligent in furnishing Hearn with dangerous machinery and tools, with a machine whose floor was too high for him to safely remove therefrom cans of the character furnished him filled with gasoline, with cans having defective covers that permitted the spilling of gasoline on his body and clothes, with a truck and cans which necessitated the tilting of the cans in unloading; in failing to warn him of the dangerous character of the machinery and tools furnished him, of the dangers attending his duties, of the dangers of spilling gasoline upon his clothes, of the inflammable character of the fumes of gasoline, and in failing to instruct him to use the machine furnished and handle the gasoline in a safe manner.

Demurrers, both general and special, were overruled, and the defendant excepted.

*Ryals & Anderson, B. S. Deaver,* for plaintiffs in error.

*Hines & Vinson,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) That the deceased was only 19 years old when the burning which resulted in his death took place can not avail the plaintiff. The petition distinctly alleges that he was "of fair education and training." In *Skipper* v. *Southern Cotton Oil Co.,* 120 *Ga.* 942 (48 S. E. 360), Mr. Justice Lamar said: "The petition stresses the fact that the plaintiff was a minor and inexperienced; but that he was only nineteen years of age was immaterial. The case is to be treated as though he had attained majority; for there is no suggestion that he was not chargeable with the duty of using due care, nor that he was incapable of appreciating the danger of stepping into the midst of moving machinery." As illustrating the principle above announced see *Muscogee Mfg. Co.* v. *Butts,* 21 *Ga. App.* 558 (94 S. E. 821); *Vinson* v. *Willingham Cotton Mills,* 2 *Ga. App.* 53 (2) (58 S. E. 413); *Wilder* v. *Miller,* 128 *Ga.* 139 (57 S. E. 309); *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (6) (46 S. E. 674); *Cen-*

*tral Railroad Co.* v. *Phillips,* 91 *Ga.* 526 (2) (17 S. E. 952) ; *Central Railroad &c. Co.* v. *Rylee,* 87 *Ga.* 491 (2) (13 S. E. 584, 13 L. R. A. 634) ; *Sims* v. *East & West Railroad Co.,* 84 *Ga.* 152 (10 S. E. 543, 20 Am. St. R. 352) ; s. c. 80 *Ga.* 807 (6 S. E. 595).

2. From the foregoing statement of facts it will be seen that the petition alleges that the defendant was negligent because the deceased was low of stature and had been furnished with an auto-truck too high for him to remove the cans of gasoline therefrom without tilting them, and that some of the cans had defective tops which allowed the gasoline to spill when the cans were tilted. It does not appear from the petition that the truck and cans were not equal in kind to those in general use and reasonably safe for all persons who operated them with ordinary care and diligence, and there is no allegation that the servant made complaint to the master in reference thereto, nor is there any charge that there were any latent defects in the truck or the cans. The plaintiff by his petition seems to attempt to place this case in a special class because the deceased was "low of stature." From the very character of the complaint as to the defects of the truck and the cans, these defects were patent and obvious to the deceased. It also appears from the declaration that the servant for nearly four months had been using the truck and cans, and his opportunity of knowing of "the defects or danger in the machinery supplied" was equal, if not superior, to that of the master. See *Williams* v. *Atlantic Coast Line Railroad Co.,* 18 *Ga. App.* 120 (89 S. E. 158), cit.; and *Beck* v. *Tumlin Co.,* 13 *Ga. App.* 618 (79 S. E. 857), and cit. Even if it be conceded that the truck and cans, as related to the low stature of the deceased, were dangerous because of the alleged deficiencies therein, the deceased, with full knowledge of these deficiencies, assumed the risk and continued voluntarily to use them, and the plaintiff would not be entitled to recover for any injury resulting solely from such use. It is apparent, from the allegations in the petition, that the saturation of the clothes of the deceased resulted from his own failure to perform with due care the work assigned him, and was not the result of any negligent act or omission of the defendant, and that the master is not liable for providing the truck and cans used by the deceased. "A master is not responsible in damages to his servant for injuries sustained by the latter while in the employment of the former, in consequence

of defects in a tool furnished by the master, which the servant was using at the time of the injury, when the defects were such that they were known to the servant, or could have been known by the exercise of ordinary care on his part." *Banks* v. *Scofield's Sons Co.,* 126 *Ga.* 667 (55 S. E. 939). "The servant seeking to recover for an injury takes the burden upon himself of establishing negligence on the part of the master, and due care on his own part." *McDaniel* v. *Acme Brewing Co.,* 113 *Ga.* 80 (38 S. E. 404). See also Civil Code (1910), § 3131; *Muscogee Mfg. Co.* v. *Butts,* supra; *Short* v. *Cherokee Mfg. Co.,* 3 *Ga. App.* 377 (59 S. E. 1115).

3. The petition alleges that the deceased had never handled gasoline until he was employed by the defendant, "had no knowledge of the inflammable nature of the fumes of gasoline," and "had no knowledge of the dangers attending the handling of the same," and that the defendant failed to warn him of the inflammable nature of gasoline, and failed to instruct him "of the dangers of permitting gasoline to get upon his person and clothing." Generally it is the duty of the master to warn the servant of the dangers incident to his employment, yet this duty "does not embrace an obligation of a master to anticipate that the servant may perform his task improperly, and to warn him of an obvious danger resultant from such improper method of performing his task." *Howard* v. *Central of Georgia Ry. Co.,* 138 *Ga.* 537 (2) (75 S. E. 624). See *Commercial Guano Co.* v. *Neather,* 114 *Ga.* 416 (2) (40 S. E. 299). The saturation with gasoline of the clothes of the deceased was not incident to the proper performance of his work, but clearly resulted from an improper performance thereof, and was the causa sine qua non, the cause without which the burning could not have taken place. The proper performance of the duties of the deceased would not be attended by extraordinary hazard or damage. "The failure of the master to instruct the servant how to perform work which any person of ordinary intelligence can perform without instructions, and the performance of which is unattended by extraordinary hazard or danger, is not such a breach of his duty to instruct as will give a servant injured while performing the work a right of action for damages." *Howard* v. *Central of Georgia Railway Co.,* supra.

It follows from the decisions above quoted and cited that the defendant was under no legal duty to warn the deceased of the

danger resulting from the improper performance of his task. In addition to the above, the petition shows that at the time his "clothing caught fire he was in the drug store of Dr. Evans at Gordon, Georgia, standing at the counter near a cigar-lighter, which was burning a small flame," and that "the fumes of gasoline from his clothing caught fire from a flame, and the fire was communicated to his gasoline-soaked clothing, and the burns therefrom were the cause of his death." There is no allegation that he was in this drug store delivering gasoline, or that in the discharge of his duty it was necessary for him to be standing near the cigar-lighter from which the "fumes" of gasoline caught fire and which resulted in his death. See *Kennedy* v. *Atlantic Coast Line R. Co.,* 9 *Ga. App.* 661 (72 S. E. 66) ; *Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.* 470 (65 S. 7. 322) ; *Strange* v. *Wrightsville & Tennille R. Co.,* 133 *Ga.* 730 (66 S. E. 774) ; *Central of Georgia Ry. Co.* v. *McWhorter,* 115 *Ga.* 476 (42 S. E. 82) ; *Whitton* v. *South Carolina & Georgia R. Co.,* 106 *Ga.* 796 (32 S. E. 857) ; *Central Railroad & Banking Co.* v. *Chapman,* 96 *Ga.* 769 (22 S. E. 273) ; *Atlanta & Charlotte Air-Line Ry.* v. *Ray,* 70 *Ga.* 674 (4). Taking into consideration all the allegations of the petition, we are convinced that the death of Cline Hearn was not due to the failure of any duty due him by the defendant, or to any negligent performance of any such duty, and that the court erred in overruling the demurrer to the petition.

*Judgment reversed. Broyles, P. J., and Stephens, J., concur.*