### 14865.  LINENKOHL *v.* CURINGTON *et al.*

JENKINS, P. J. 1. Assuming, under the rulings made in *Bolden* v.
*Central of Ga. Ry. Co.*, 130 *Ga.* 456 (60 S. E. 1047), and *Morris* v.
*Charleston &c. Ry. Co.*, 22 *Ga. App.* 186 (95 S. E. 748), that in the
instant action by a servant against his masters for damages on account
of injuries arising from the sudden collapse of a jack furnished to the
plaintiff by the defendants, and which at the time of the accident was
supporting an automobile on which the plaintiff was working, the de-
fects alleged, so far as they consisted of the worn condition of the
notches and the click or finger intended to fit into them and by which
the jack was raised or lowered, were, under the evidence for the plaintiff,
patent defects, which the servant had equal means with the masters of
knowing and which were so obvious that the servant, who testified that
he was a skilled mechanic, must in the exercise of ordinary care be
held to have ascertained such defects and been aware of the attendant
dangers upon a casual or superficial examination, it nevertheless ap-
pears that there was evidence for the plaintiff, supporting one of the
averments of the petition, from which the jury would have been author-
ized to find that, despite such patent defects, the accident would not
have occurred but for the alleged latent defect in the spring, the func-
tion of which was to force the click or finger into the notches of the
jack so as to cause it to be held in position.  In view of the allegations
and proof of such latent defect, which might under the evidence have
been found to have constituted the proximate cause of the injury, and
in view of the plaintiff's testimony that he had never before used this
particular jack, it was error to withdraw from the consideration of
the jury the question of defendants' negligence by granting a nonsuit

in their favor. *Williams* v. *Garbutt Lumber Co.*, 132 *Ga.* 221 (64 S. E. 65); *Southern States Portland Cement Co.* v. *Helms*, 2 *Ga. App.* 308 (1 *d*), 315 (58 S. E. 524); *Hubbard* v. *Macon Ry. & Lt. Co.*, 5 *Ga. App.* 223 (2), 224, 225 (62 S. E. 1018); *Cochrell* v. *Langley Mfg. Co.*, 5 *Ga. App.* 317 (3), 324 (63 S. E. 244); *Texas Co.* v. *Hearn*, 23 *Ga. App.* 408 (2) (98 S. E. 419); *Biederman* v. *Montezuma Mfg. Co.*, 29 *Ga. App.* 589 (116 S. E. 225).

2. The court did not err in refusing to permit the plaintiff to prove declarations of a third person, not made in the presence of the defendants, by which it was sought to establish the defendants' actual knowledge of the defective condition of the jack.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 19, 1924. ADHERED TO ON REHEARING, SEPTEMBER 19, 1924.

Action for damages; from city court of Macon—Judge Gunn. June 18, 1923.

*R. D. Feagin, J. F. Urquhart,* for plaintiff.

*John R. L. Smith, Grady C. Harris,* for defendants.

### ON REHEARING.

JENKINS, P. J. The defendants in error moved for a rehearing, upon the ground that this court, in reaching the conclusion in its original syllabus that "there was evidence for the plaintiff, supporting one of the averments of the petition, from which the jury would have been authorized to find that . . the accident would not have occurred but for the alleged latent defect in the spring, the function of which was to force the click or finger into the notches of the jack (whose sudden collapse caused the injury) so as to cause it to be held in position," overlooked material facts in the record, which conclusively showed that the plaintiff had equal means with the defendants of knowing the alleged defective condition of the spring, and that no one knew more about such condition than the plaintiff, who just before the injury had pressed the button controlling the spring, in order to raise the jack to its position supporting the automobile on which he was working; and that the plaintiff therefore, under the Civil Code (1910), § 3131, was not entitled to recover on account of any negligence by the master in connection with such defect.

Some of the evidence to which the court referred in the original syllabus was as follows (italics ours) : The plaintiff swore that "the wearing or the *spring* being old would have something to do with the finger. *If that lever should slip for one notch, and that spring was in good condition, it would catch on the next notch. If it had caught on the next notch, the lever wouldn't* have come

up and struck me. . . The same thing could have happened to me with any jack of this make, if it was worn. Suppose it hadn't been worn, that thing could have happened to me with a Red Devil jack in its normal condition, *if that spring had been too stiff or too weak.* . . Besides that back ratchet, the spring could have affected it. . . In pulling this lever down, if this spring works properly, it throws that finger in each notch as it goes down. You don't have to work that plunger that controls that finger with your finger as it goes down. When you pull it down, this spring is supposed to throw that finger in one of those notches. *If that spring was weak at that time,* so that it didn't throw *that finger in there, that could have been the cause of this flying up."* Taylor, a witness for the plaintiff, testified that he himself had also previously used the jack in question, and that *"the spring and lever seemed to be pretty weak.* From my experience in using a jack I would say that *that spring was weak."* The amended petition alleged as a defect in the jack that "the spring in the lever of said jack, which operates the click or finger in and out of the notches of said ratchet sector of said jack, was so worn and weakened by usage that it would not project the finger or click into the notches of said ratchet sector of said jack so as to hold said lever of said jack stationary." The plaintiff, under this testimony and other evidence, and proof of the sudden collapse of the jack without warning, relied on the evidence maxim "res ipsa loquitur." It was, under the evidence, properly for the jury, rather than for the trial judge or this court, to say whether the alleged defective spring or some other defect was the proximate cause of the injury.

But it is contended that, even though the alleged defect in the spring may have been latent, the plaintiff had equal means with the defendant masters of knowing such condition, and, having previously pressed the button by which the strength of the spring could be determined, knew as well as they as to such defect. It appears that the work on the car, in which it became necessary to elevate the wheels by a jack or other means, was a hurry job, and that the plaintiff was directed by the masters "to do it as quick as I could." The plaintiff testified that he had never before used this particular jack, which at the time was the only one available, and that in his hurry, while he mashed the button controlling the spring, he made no examination at all of the jack or its parts, or

of the spring concealed within the jack. "If you were in a hurry, you wouldn't notice whether the spring was weak or not. . . The spring up there in the upper end, you can't see it; you can feel it, but I didn't notice it. . . I didn't notice about having to put my thumb on it and push it. I didn't notice the effect of the test." Under the circumstances attending the use of the jack, and the speed at which the plaintiff under the direction of the masters was using the mechanism, it cannot be said as a matter of law that this evidence absolutely requires the conclusion that the plaintiff knew or had means of knowing as well as the masters the alleged weakened condition of the spring, or that he must necessarily be assumed to have noted this latent defect in his one hurried use of the button for the first time in raising the jack immediately before its fall. These questions were for the jury. *Cochrell* v. *Langley Mfg. Co.,* 5 *Ga. App.* 317 (supra). "Except where the injured employee is an inspector, the master's means of knowledge of latent defects in the machinery furnished are primarily to be considered as greater than those of the servant. The duty of inspecting for defects which would not be disclosed by superficial observation is not primarily imposed upon a servant employed to operate a machine." *Hubbard* v. *Macon Ry. & Lt. Co.,* 5 *Ga. App.* 223 (2, 3) (supra); *Cochrell* v. *Langley,* supra, p. 324; *Duke* v. *Bibb Mfg. Co.,* 120 *Ga.* 1074 (48 S. E. 408); *Williams* v. *Garbutt Lumber Co.,* 132 *Ga.* 221, 231, 232 (supra); *Stewart & Jones Co.* v. *Griffin,* 19 *Ga. App.* 554 (2, 3) (91 S. E. 923). Under the Civil Code (1910), § 3130, and the rule as stated in *International Cotton Mills* v. *Carroll,* 22 *Ga. App.* 26 (1 a) (95 S. E. 472), "upon the master rested the duty of furnishing reasonably safe machinery, and of inspecting to find latent defects and dangers therein, and the servant was not bound by law to detect latent defects, or such as would be disclosed only by positive and careful investigation and would not be manifest to a person of ordinary intelligence or experience in the line of work in which the servant was engaged." Under the evidence, upon which a nonsuit was granted, it was for the jury to say whether the plaintiff should recover. If similar evidence be introduced in a second trial, it would be for the jury to say, under all the evidence and the circumstances surrounding the injury, whether the spring was defective as alleged or was "reasonably safe for all persons who

operated it with ordinary care and diligence;" whether such defect or some other cause was the proximate occasion of the injury; whether, if there was such a latent defect in the jack, unknown to the servant, the master knew or ought to have known thereof, and failed to warn the servant in respect thereto; and whether the plaintiff servant "did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof." Civil Code (1910), §§ 3130, 3131. For the reasons stated, the court adheres to the judgment and syllabus as originally rendered.

*Judgment adhered to. Stephens and Bell, JJ., concur.*