37476. MISENHAMER *v.* PHARR.

DECIDED FEBRUARY 24, 1959.

*Ward, Brooks, Parker & Daniel, William W. Daniel,* for plaintiff in error.

*Lokey & Bowden, Hamilton Lokey,* contra.

QUILLIAN, Judge. ■ In determining the sufficiency of the petition as against general demurrer, the first matter for consideration is whether the facts alleged showed such a want of care on the plaintiff's part to apprehend and avoid the alleged negligence of the defendant as to debar her right of recovery.

"A plaintiff is not required to allege facts showing he exercised due care for his own safety, or that the injury was not the result of his own negligence." *McDowall Transport, Inc. v. Gault,* 80 *Ga. App.* 445, 447 (56 S. E. 2d 161).

However, if the facts alleged affirmatively reveal that he failed to exercise ordinary care to avoid the alleged negligence of the defendant after the same was apparent or could, by the use of the same degree of care, have been discovered, the petition is subject to general demurrer. *Pollard v. Heard,* 53 *Ga. App.* 623, 626 (186 S. E. 894).

Under authority of *Etheredge v. Central of Georgia Ry. Co.,* 122 *Ga.* 853 (1, 2) (50 S. E. 1003) and *Lane Drug Stores v. Brooks,* 70 *Ga. App.* 878, 884 (29 S. E. 2d 716) the plaintiff invitee had the right to use the way down the bank in descending from the higher to the lower level of the driving range. According to the petition it may be fairly inferred that the way was customarily used with the defendant's knowledge and the descent by an invitee of a 45-degree dirt bank is not as a matter of law dangerous or imprudent. An invitee need not choose the safest way across the owner's or proprietor's property. He may travel any way customarily used and reasonably safe. Whatever path he elects to travel he must avoid perils of which he is aware, or should in the exercise of ordinary prudence observe.

An invitee is not obliged to inspect the premises to discover latent defects nor even to observe all patent defects. *Lane Drug*

*Stores* v. *Brooks*, 70 *Ga. App.* 878, supra. The fact that certain aspects or surroundings of the locale where the plaintiff is alleged to have been injured suggest the existence of danger is merely a matter to be considered by a jury in weighing the negligence of the plaintiff against that of the defendant, and the presence of such indications of danger does not necessarily require the conclusion that the plaintiff was not in the exercise of ordinary care for his own safety. *Williams* v. *Evans*, 50 *Ga. App.* 496, 499 (178 S. E. 460). Similar holdings are found in *Smith* v. *Seawright*, 33 *Ga. App.* 336 (126 S. E. 301); *Samples* v. *City of Atlanta*, 95 *Ga.* 110, 111 (22 S. E. 135).

We are of the opinion that the petition does not disclose such a want of care on the plaintiff's part as to debar her right of recovery.

■ We now consider the question as to whether the petition charged the defendant with actionable negligence. It is elementary that for a petition in a negligence case to set forth a cause of action it must allege the breach of a legal duty owed by the defendant to the plaintiff resulting in injury to the latter's person or damage to his property. In cases of this nature the breach of the duty arises from the failure of the defendant to exercise the degree of prudence required of him by law.

The duty an owner or proprietor owes an invitee is to exercise ordinary care to keep his premises reasonably safe for the invitee's use, and extends to all portions of the premises to which the invitee is given access in the course of the business for which the invitation is extended. *Coffer* v. *Bradshaw*, 46 *Ga. App.* 143 (6) (167 S. E. 119); *King Hardware Co.* v. *Teplis*, 91 *Ga. App.* 13 (84 S. E. 2d 686).

It follows that a proprietor is not an insurer of the invitee's safety and when he employs ordinary prudence in keeping the premises reasonably safe he has done what the law requires of him. He is not obliged to remedy a condition or slight defect in the premises, unless it could be foreseen, by the exercise of ordinary care, that such condition or defect might in the usual course of events cause injury to the invitee or damage to his property. *Tinley* v. *F. W. Woolworth Co.*, 70 *Ga. App.* 390 (28 S. E. 2d 322); *Southern Mills, Inc.* v. *Newton*, 91 *Ga. App.* 738, 740 (87

S. E. 2d 109); *Pfeifer v. Yellow Cab Co.*, 88 *Ga. App.* 221, 226 (76 S. E. 2d 225).

That a condition or defect is alluded to by the pleader as a "latent danger" or "concealed peril" or even the averment that it resulted in injury to an invitee, does not necessarily show the condition or defect was of such nature that a reasonably prudent person should have foreseen might endanger the person or property of the invitee. As was said in McCullum *v.* Winwood Amusement Co., 332 Mo. 779 (59 S.W. 2d 693): "Negligence is predicated on what should have been anticipated rather than what happened", on faulty or defective foresight rather than on hindsight which reveals a mistake. Specific facts pleaded must prevail over mere conclusions of the pleader. *Avary v. Anderson*, 31 *Ga. App.* 402, 404 (120 S. E. 683); *Hendricks v. Jones*, 28 *Ga. App.* 335 (111 S. E. 81); *Day & Co. v. Graybill*, 24 *Ga. App.* 524 (101 S. E. 759); *Biederman v. Montezuma Mfg. Co.*, 29 *Ga. App.* 589 (116 S. E. 225); *Bolden v. Central of Ga. Ry. Co.*, 130 *Ga.* 456 (60 S. E. 1047); *Banks v. Schofield's Sons Co.*, 126 *Ga.* 667 (55 S. E. 939).

In some instances loose sand and gravel may become such obstructions, pitfalls and perils as the dictates of ordinary care require the proprietor to remedy or warn the invitee of their existence. But obviously some "loose sand and gravel" upon the dirt surface of a lot or parcel of land is not usually considered a defect or dangerous condition.

It is not necessary to plead or prove facts from which it can be reasonably concluded that a defect or condition in the premises will bring about the exact result that is alleged to have actually been caused, or even a similar result, but it is necessary to set forth facts from which it may be inferred that the proprietor, with actual knowledge or constructive notice of the defect or condition, should in the exercise of ordinary care have discovered its dangerous nature and foreseen that it might cause injury of some kind to an invitee who comes upon the premises. *Peggy Ann of Georgia, Inc. v. Scoggins*, 86 *Ga. App.* 109, 111 .(71 S. E. 2d 89).

The only description of "the loose sand and gravel" here is parallel to the descriptive phrase "some loose gravel" in .*City of*

*East Point* v. *Mason,* 86 *Ga. App.* 832, 834 (72 S. E. 2d 787). The opinion in the *Mason* case reads: "The petition alleges that the plaintiff stepped on 'some loose gravel.' We do not think that this allegation shows even a minor defect on or in the sidewalk in the absence of additional allegations showing in what particular loose gravel constitutes a defect or danger. This is true as a general proposition and it is especially true in this case when it is not alleged that the sidewalk was paved, for the reason that a showing that gravel on top of clay or sand or a mixture of both would require specific allegations showing why it would cause a defect or danger." A similar holding is found quoted with approval in *City of Brunswick* v. *Glogauer,* 158 *Ga.* 792, 802 (124 S. E. 787): "'Where an injury is alleged to have been occasioned by a defect in a street, the inquiry should be, not was there some defect in the street? but was the street, in the condition in which it is proven to have been, in a reasonably safe condition for travel in the ordinary mode at the time the accident happened? and was the accident the natural and probable result of the use of the street in that condition—one that could have been foreseen by those charged with the duty of maintaining the street? And, where an injury results from an alleged defect which is not of itself of such dimensions or character as to make an accident probable, it does not justify the submission to the jury of the question of the city's negligence.'"

The conclusion is inescapable that each of the four counts of the petition failed to allege facts from which it can be concluded that the defendant breached a duty owed the plaintiff, hence no count sets forth a cause of action.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs in the judgment.*